**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCO ANTONIO GALDINO, | No. 08-74013 |
| Petitioner, | Agency No. A097-375-403 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2011[**]
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Marco Antonio Galdino, a native and citizen of Brazil, petitions for review

of the Board of Immigration Appeals ("BIA") order denying his motion to reopen

his removal proceedings to permit him to reapply for asylum, withholding of

removal, and relief under the Convention Against Torture. We affirm the BIA's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of Galdino's motion to reopen because the BIA's denial was not arbitrary, irrational, or contrary to law. *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002).

A motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal." 8 U.S.C. §§ 1229a(c)(7)(A), (C)(i). An exception to the 90-day deadline for filing motions to reopen exists for cases involving a change in country circumstances. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). The law of this circuit requires that a successive and untimely asylum application must satisfy the requirements for a motion to reopen and the stringent change in country circumstances exception. *Chen v. Mukasey*, 524 F.3d 1028, 1033-34 (9th Cir. 2008); *accord Lin v. Holder*, 588 F.3d 981, 985, 989 (9th Cir. 2009).

Galdino's motion was not filed within 90 days of the date of the BIA's affirmance of the IJ's order denying relief and ordering Galdino removed. The BIA did not err in ruling that Galdino's motion to reopen was untimely, nor did it err in concluding that the evidence in support of Galdino's motion failed to present persuasive evidence showing a change in country circumstances sufficient to warrant reopening beyond the statutory 90-day limitations period for motions to reopen. Although the evidence before the BIA was sufficient to show that homosexuals and transvestites are subjected to abuse and even murder in Brazil, it

2

did not indicate that those conditions arose or materially worsened after the conclusion of Galdino's removal proceedings. Galdino has also not demonstrated that he is entitled to equitable tolling of the 90-day limitations period because he has failed to present any evidence that he was prevented from filing due to deception, fraud, or error. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir. 2003).

Accordingly, the petition for review of the BIA's denial of Galdino's motion to reopen is **DENIED**.